UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

ADA PERKINS,
    Plaintiff

vs

COMMISSIONER OF
SOCIAL SECURITY,
    Defendant

Case No. 1:10-cv-233
Beckwith, J.
Litkovitz, M.J.

**REPORT AND
RECOMMENDATION**

Plaintiff brings this action pursuant to 42 U.S.C. § 405(g) for judicial review of the final decision of the Commissioner of Social Security (Commissioner) denying plaintiff's application for disability insurance benefits (DIB). This matter is before the Court on plaintiff's Statement of Errors (Doc. 9) and the Commissioner's response in opposition. (Doc. 11).

**PROCEDURAL BACKGROUND**

Plaintiff was 51 years old at the time of the ALJ's decision. She has a high school education and past relevant work as a secretary, bartender, housekeeping supervisor, kitchen helper, outside deliverer, and transportation manager. Plaintiff filed an application for DIB in November 2004 alleging an onset date of disability of January 2, 2004, due to fibromyalgia and lumbar disc disease. Her application was denied initially and upon reconsideration. Plaintiff then requested and was granted a de novo hearing before an administrative law judge (ALJ). Plaintiff, who was represented by counsel, appeared at a hearing before ALJ Sarah Miller.

On January 18, 2008, the ALJ issued a decision denying plaintiff's DIB application. The ALJ determined that plaintiff suffers from the severe impairments of fibromyalgia and lumbar disc disease, but that such impairments do not meet or equal the level of severity described in the

Listing of Impairments. (Tr. 18-19). According to the ALJ, plaintiff retains the residual functional capacity (RFC) to lift and carry ten pounds frequently and twenty pounds occasionally; she can sit and stand/walk six to eight hours in an eight-hour work day; and she needs to alternate between sitting and standing for a few minutes every two hours. (Tr. 19). The ALJ determined that plaintiff's subjective allegations of disability are "not entirely credible." (Tr. 21). The ALJ also determined that plaintiff is capable of performing her past relevant work as a secretary, bartender, housekeeping supervisor, outside deliverer, and transportation manager as customarily performed in the economy. Accordingly, the ALJ concluded that plaintiff is not disabled under the Act.

Plaintiff's request for review by the Appeals Council was denied, making the decision of the ALJ the final administrative decision of the Commissioner.

## APPLICABLE LAW

The following principles of law control resolution of the issues raised in this case.

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). The Court's sole function is to determine whether the record as a whole contains substantial evidence to support the Commissioner's decision. The Commissioner's findings stand if they are supported by "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citing *Consolidated Edison Co. v. N.L.R.B.*, 305 U.S. 197, 229 (1938)). In deciding whether the Commissioner's findings are supported by substantial evidence, the Court must consider the record as a whole. *Hephner v. Mathews*, 574 F.2d 359 (6th Cir. 1978).

To qualify for disability insurance benefits, plaintiff must meet certain insured status

2

requirements, be under age 65, file an application for such benefits, and be under a disability as defined by the Social Security Act. 42 U.S.C. §§ 416(i), 423. Establishment of a disability is contingent upon two findings. First, plaintiff must suffer from a medically determinable physical or mental impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than 12 months. 42 U.S.C. § 423(d)(1)(A). Second, the impairments must render plaintiff unable to engage in the work previously performed or in any other substantial gainful employment that exists in the national economy. 42 U.S.C. § 423(d)(2).

Regulations promulgated by the Commissioner establish a sequential evaluation process for disability determinations. 20 C.F.R. § 404.1520. First, the Commissioner determines whether the individual is currently engaging in substantial gainful activity; if so, a finding of nondisability is made and the inquiry ends. Second, if the individual is not currently engaged in substantial gainful activity, the Commissioner must determine whether the individual has a severe impairment or combination of impairments; if not, then a finding of nondisability is made and the inquiry ends. Third, if the individual has a severe impairment, the Commissioner must compare it to those in the Listing of Impairments, 20 C.F.R. Part 404, Subpart P, Appendix 1. If the impairment meets or equals any within the Listing, disability is presumed and benefits are awarded. 20 C.F.R. § 404.1520(d). Fourth, if the individual's impairments do not meet or equal those in the Listing, the Commissioner must determine whether the impairments prevent the performance of the individual's regular previous employment. If the individual is unable to perform the relevant past work, then a prima facie case of disability is established and the burden of going forward with the evidence shifts to the Commissioner to show that there is work in the national economy which the individual can perform. *Lashley v. Secretary of H.H.S.*, 708 F.2d

1048 (6th Cir. 1983); *Kirk v. Secretary of H.H.S.*, 667 F.2d 524 (6th Cir. 1981).

Plaintiff has the burden of proof at the first five steps of the sequential evaluation process. *Wilson v. Commissioner of Social Security*, 378 F.3d 541, 548 (6th Cir. 2004). Once plaintiff establishes a prima facie case by showing an inability to perform the relevant previous employment, the burden shifts to the Commissioner to show that plaintiff can perform other substantial gainful employment and that such employment exists in the national economy. *Harmon v. Apfel*, 168 F.3d 289, 291 (6th Cir. 1999); *Born v. Secretary of Health and Human Servs.*, 923 F.2d 1168, 1173 (6th Cir. 1990). To rebut a prima facie case, the Commissioner must come forward with particularized proof of plaintiff's individual capacity to perform alternate work considering plaintiff's age, education, and background, as well as the job requirements. *Wilson*, 378 F.3d at 548. *See also Richardson v. Secretary of Health & Human Services*, 735 F.2d 962, 964 (6th Cir. 1984). Alternatively, in certain instances the Commissioner is entitled to rely on the medical-vocational guidelines (the "grid") to rebut plaintiff's prima facie case of disability. 20 C.F.R. Subpart P, Appendix 2; *Wilson*, 378 F.3d at 548.

Pain alone, if the result of a medical impairment, may be severe enough to constitute disability. *Kirk v. Sec. of H.H.S.*, 667 F.2d 524, 538 (6th Cir. 1981). In order to find plaintiff disabled on the basis of pain alone, the Commissioner must first determine whether there is objective medical evidence of an underlying medical condition. If there is, the Commissioner must then determine: (1) whether the objective medical evidence confirms the severity of the pain alleged by plaintiff; or (2) whether the underlying medical impairment is severe enough that it can reasonably be expected to produce the allegedly disabling pain. *Duncan v. Secretary of H.H.S.*, 801 F.2d 847, 852-53 (6th Cir. 1986). In addition to the objective medical evidence, the

4

Commissioner must consider other evidence of pain, such as statements or reports from plaintiff, plaintiff's treating physicians and others about plaintiff's prescribed treatment, daily activities, and efforts to work, as well as statements as to how plaintiff's pain affects his daily activities and ability to work. *Felisky v. Bowen*, 35 F.3d 1027, 1037-38 (6th Cir. 1994) (citing 20 C.F.R. § 404.1529(a)). Specific factors relevant to plaintiff's allegations of pain include his daily activities; the location, duration, frequency and intensity of his pain; precipitating and aggravating factors; the type, dosage, effectiveness and side effects of any medication plaintiff takes; treatment other than medication plaintiff has received for relief of his pain; any measures plaintiff uses to relieve his pain; and other factors concerning his functional limitations and restrictions due to pain. *Id.*; 20 C.F.R. § 404.1529(a). Although plaintiff is not required to provide "objective evidence of the pain itself" in order to establish that he is disabled, *Duncan,* 801 F.2d. at 853, statements about his pain or other symptoms are not sufficient to prove his disability. 20 C.F.R. § 404.1529(a). The record must include "medical signs and laboratory findings which show that [plaintiff has] a medical impairment(s) which could reasonably be expected to produce the pain or other symptoms alleged and which, when considered with all of the other evidence . . . would lead to a conclusion that [plaintiff is] disabled." *Id*.

Where the medical evidence is consistent and supports plaintiff's complaints of the existence and severity of pain, the ALJ may not discredit plaintiff's testimony and deny benefits. *King v. Heckler*, 742 F.2d 968, 975 (6th Cir. 1984). Where, however, there is both substantially conflicting medical evidence as well as substantial evidence supporting a finding of disability, the Commissioner's resolution of the conflict will not be disturbed by the Court. *Kinsella v. Schweiker*, 708 F.2d 1058, 1059 (6th Cir. 1983). In either event, the ALJ must articulate, on the

record, his evaluation of the evidence and how it relates to the factors listed above. *Felisky*, 35 F.3d at 1039-41.

It is well-established that the findings and opinions of treating physicians are entitled to substantial weight. "In general, the opinions of treating physicians are accorded greater weight than those of physicians who examine claimants only once." *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 529-530 (6th Cir. 1997). *See also Harris v. Heckler*, 756 F.2d 431, 435 (6th Cir. 1985) ("The medical opinions and diagnoses of treating physicians are generally accorded substantial deference, and if the opinions are uncontradicted, complete deference."). Likewise, a treating physician's opinion is entitled to substantially greater weight than the contrary opinion of a non-examining medical advisor. *Shelman v. Heckler,* 821 F.2d 316, 321 (6th Cir. 1987). If a treating physician's "opinion on the issue(s) of the nature and severity of [a claimant's] impairment(s) is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case," the opinion is entitled to controlling weight. 20 C.F.R. § 404.1527(d)(2); *see also Blakley v. Commissioner*, 581 F.3d 399, 406 (6th Cir. 2009); *Wilson v. Commissioner*, 378 F.3d 541, 544 (6th Cir. 2004). "The treating physician doctrine is based on the assumption that a medical professional who has dealt with a claimant and his maladies over a long period of time will have a deeper insight into the medical condition of the claimant than will a person who has examined a claimant but once, or who has only seen the claimant's medical records." *Barker v. Shalala*, 40 F.3d 789, 794 (6th Cir. 1994). The Social Security regulations likewise recognize the importance of longevity of treatment, providing that treating physicians "are likely to be the medical professionals most able to provide a detailed, longitudinal picture of your medical impairment(s) and may bring a unique

perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations, such as consultative examinations or brief hospitalizations." 20 C.F.R. § 404.1527(d)(2).

If the ALJ does not give the treating source's opinion controlling weight, then the ALJ must consider a number of factors when deciding what weight to give the treating source's opinion. 20 C.F.R. § 404.1527(d). These factors include the length, nature and extent of the treatment relationship and the frequency of examination. 20 C.F.R. § 404.1527(d)(2)(i)(ii); *Wilson*, 378 F.3d at 544. In addition, the ALJ must consider the medical specialty of the source, how well-supported by evidence the opinion is, how consistent the opinion is with the record as a whole, and other factors which tend to support or contradict the opinion. 20 C.F.R. § 404.1527(d)(3)-(6); *Wilson*, 378 F.3d at 544. The ALJ must likewise apply the factors set forth in § 404.1527(d)(3)-(6) when considering the weight to give a medical opinion rendered by a non-treating source. 20 C.F.R. § 404.1527(d). When considering the medical specialty of a source, the ALJ must generally give "more weight to the opinion of a specialist about medical issues related to his or her area of specialty than to the opinion of a source who is not a specialist." 20 C.F.R. § 404.1527(d)(5).

If the Commissioner's decision is not supported by substantial evidence, the Court must decide whether to reverse and remand the matter for rehearing or to reverse and order benefits granted. The Court has authority to affirm, modify, or reverse the Commissioner's decision "with or without remanding the cause for rehearing." 42 U.S.C. § 405(g); *Melkonyan v. Sullivan*, 501 U.S. 89, 98 (1991).

Where the Commissioner has erroneously determined that an individual is not disabled at

7

steps one through four of the sequential evaluation, remand is often appropriate so that the sequential evaluation may be continued. *DeGrande v. Secretary of H.H.S.*, 892 F.2d 1043, 1990 WL 94 (6th Cir. Jan. 2, 1990). Remand is also appropriate if the Commissioner applied an erroneous principle of law, failed to consider certain evidence, failed to consider the combined effect of impairments, or failed to make a credibility finding. *Faucher v. Secretary of H.H.S.*, 17 F.3d 171, 176 (6th Cir. 1994).

Benefits may be immediately awarded "only if all essential factual issues have been resolved and the record adequately establishes a plaintiff's entitlement to benefits." *Id.* See also *Abbott v. Sullivan*, 905 F.2d 918, 927 (6th Cir. 1990); *Varley v. Secretary of Health and Human Services*, 820 F.2d 777, 782 (6th Cir. 1987). The Court may award benefits where the proof of disability is strong and opposing evidence is lacking in substance, so that remand would merely involve the presentation of cumulative evidence, or where the proof of disability is overwhelming. *Faucher*, 17 F.3d at 176. See also *Felisky*, 35 F.3d at 1041; *Mowery v. Heckler*, 771 F.2d 966, 973 (6th Cir. 1985).

## OPINION

The pertinent medical findings and opinions have been adequately summarized by the parties in their briefs (Doc. 9 at 3-4; Doc. 11 at 2-3) and will not be repeated here. Where applicable, the Court will identify the medical evidence relevant to its decision.

Plaintiff assigns two errors in this case: (1) the ALJ's RFC determination is not supported by substantial evidence; and (2) the ALJ erred in not relying on the RFC opinion of the treating physician. For the reasons that follow, the Court finds the ALJ's decision is not supported by substantial evidence and should be reversed and remanded for further proceedings.

### I. The ALJ's RFC finding is without substantial support in the record.

The ALJ determined that plaintiff has an RFC for a limited range of light work. The ALJ found that plaintiff can lift and carry ten pounds frequently and twenty pounds occasionally; she can sit and stand/walk for six to eight hours in an eight-hour work day; and she needs to alternate between sitting and standing for a few minutes every two hours. (Tr. 19). Plaintiff asserts the ALJ's RFC finding is not supported by substantial evidence. The Court agrees.

The Court is unable to discern from the ALJ's opinion how she arrived at the RFC decision and what evidence the ALJ relied on in making that decision. The ALJ failed to articulate the basis for her RFC opinion and to link her RFC determination with specific evidence in the record in accordance with Social Security Ruling 96-8p. "The RFC assessment must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g., daily activities, observations)." Social Security Ruling 96-8p (1996).

In this case, the only physician of record to opine on plaintiff's physical functional limitations is Dr. Todd, plaintiff's treating physician. The ALJ gave "little weight" to Dr. Todd's opinions that plaintiff is limited to lifting and carrying less than five pounds; standing and walking for a total of less than one hour a day; and sitting for less than one hour total a day. (Tr. 21, Tr. 190, 248-51, 285). Even assuming the ALJ's rejection of the treating physician's functional assessment is supported by substantial evidence, the Court nevertheless concludes that the ALJ's RFC finding is not supported by substantial evidence.

The RFC decision is not supported by any physician opinion in the record. The record is devoid of any other physician opinions on plaintiff's physical functional capacity or limitations.

9

Unlike the typical Social Security case this Court encounters, there are no RFC assessments from the state agency reviewing physicians in this matter. Nor are there any reports from consultative physicians assessing plaintiff's functional capacity or limitations. The ALJ did not engage the services of a medical advisor at the hearing; therefore, there is no medical opinion on plaintiff's functional limitations. Plaintiff's lumbar disc disease and fibromyalgia diagnoses do not translate automatically into clearly definable exertional restrictions, much less denote an ability to perform a range of light work activity. Significantly, the ALJ's decision fails to include a narrative explanation describing how the medical evidence of record supports the specific exertional limitations set forth in the ALJ's RFC finding. *See* SSR 96-8p. Thus, the ALJ's RFC decision is without any support from the opinions of any physician of record.

The ALJ's decision does reflect that she considered plaintiff's statements regarding her symptoms and alleged limitations in assessing plaintiff's RFC. However, the ALJ's decision in this respect lacks any explanation that would allow this Court to understand the weight the ALJ actually gave to plaintiff's statements in determining her RFC. The ALJ concluded that plaintiff's "medically determinable impairments could reasonably be expected to produce the alleged symptoms, but that [her] statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible." (Tr. 21). The Court simply cannot discern to what extent plaintiff's "credible" statements were accepted or rejected by the ALJ in devising the RFC decision.

It is the responsibility of the ALJ to formulate the RFC. *See* 20 C.F.R. § 404.1546(c). In rendering the RFC decision, it is incumbent upon the ALJ to give some indication of the specific evidence relied upon and the findings associated with the particular RFC limitations to enable

10

this Court to perform a meaningful judicial review of that decision. Otherwise, the Court is left to speculate on the method utilized and evidence relied upon by the ALJ in arriving at her RFC determination. Based on the state of the current record and the ALJ's decision, the Court is unable to discern the underlying basis for the ALJ's conclusion that plaintiff retains the functional capacity to lift and carry ten pounds frequently and twenty pounds occasionally, and to sit, stand and walk for six to eight hours in an eight-hour work day if given the ability to alternate between sitting and standing for a few minutes every two hours. (Tr. 19). Once the ALJ declined to give weight to the treating doctor's functional assessment, she was required to cite some substantial medical and other evidence in the record to support her findings on plaintiff's ability to lift, carry, sit, stand, and walk, and not fashion an RFC out of whole cloth. As recognized by this Court, "[t]he ALJ must not substitute [her] own judgment for a doctor's conclusion without relying on other medical evidence or authority in the record." *Mason v. Commissioner of Social Sec.,* No. 1:07-cv-51, 2008 WL 1733181, at *13 (S.D. Ohio April 14, 2008) (Beckwith, J.; Hogan, M.J.) (citing *Hall v. Celebrezze*, 314 F.2d 686, 690 (6th Cir. 1963); *Clifford v. Apfel*, 227 F.3d 863, 870 (7th Cir.2000); *Ferguson v. Schweiker*, 765 F.2d 31, 37 (3rd Cir. 1985); *Sigler v. Secretary of Health and Human Servs.*, 892 F. Supp. 183, 187-88 (E.D. Mich. 1995)). For these reasons, the Court finds that the ALJ's RFC determination is not supported by substantial evidence. Plaintiff's first assignment of error should be sustained.

### II. The ALJ erred in weighing the opinion of the treating physician.

Plaintiff's second assignment of error asserts the ALJ erred by not relying on the opinion of Dr. Todd, plaintiff's treating physician, in determining plaintiff's RFC. The ALJ gave two reasons for assigning "little weight" to Dr. Todd's assessment that plaintiff was limited to less

11

than sedentary work: (1) the lack of "objective medical findings" to support his opinion; and (2) the treating physician's apparent reliance on plaintiff's subjective complaints. (Tr. 21; Tr. 189-90, 248-51, 285).

It is well-established that the findings and opinions of treating physicians are entitled to substantial weight, *Walters*, 127 F.3d at 529-530, and to "controlling weight" if such opinions are well-supported by medically acceptable clinical and laboratory diagnostic techniques and not inconsistent with the other substantial evidence of record. 20 C.F.R. § 404.1527(d)(2); *see also Blakley v. Commissioner*, 581 F.3d 399, 406 (6th Cir. 2009); *Wilson v. Commissioner*, 378 F.3d 541, 544 (6th Cir. 2004). If the ALJ declines to give the treating physician's opinion controlling weight, then the ALJ must consider a number of factors when deciding what weight to give the treating source's opinion. 20 C.F.R. § 404.1527(d). These factors include the length, nature and extent of the treatment relationship and the frequency of examination. 20 C.F.R. § 404.1527(d)(2)(i)(ii); *Wilson*, 378 F.3d at 544. In addition, the ALJ must consider the medical specialty of the source, how well-supported by evidence the opinion is, how consistent the opinion is with the record as a whole, and other factors which tend to support or contradict the opinion. 20 C.F.R. § 404.1527(d)(3)-(6); *Wilson*, 378 F.3d at 544.

In this case, plaintiff argues that Dr. Todd's opinions are supported by: (1) MRI evidence showing disc disease, arthritis, and spondylolisthesis in plaintiff's lumbar spine with nerve compression (Tr. 195); (2) test evidence showing vascular disease in both legs (Tr. 192); (3) clinical evidence of weakness in plaintiff's legs due to lumbar nerve compression (Tr. 93-94; 196); and (4) clinical evidence of loss of range of motion in plaintiff's spine (Tr. 196). (Doc. 9). Plaintiff also contends that Dr. Todd's opinions are further supported by his long-term treatment

relationship with plaintiff, his referrals to specialists in an effort to enhance plaintiff's treatment, and his prescription of substantial narcotic pain medication to treat her symptoms.

In contrast, the Commissioner contends Dr. Todd's opinions are not supported by objective medical findings. Citing the same MRI findings, the Commissioner argues that plaintiff has only mild disc space narrowing, disc dessication, and minimal slippage of L5 on S1 with a small disc protrusion. (Tr. 195). The Commissioner also notes that Dr. Todd's examination in March 2004 revealed normal results (Tr. 145); his notes in January 2005 showed no significant objective findings related to plaintiff's condition (Tr. 189); and his exam in July 2007 revealed normal straight leg raising, normal reflexes, and normal strength in the lower extremities. (Tr. 283). The Commissioner also points out that Dr. Todd specifically referenced plaintiff's subjective complaints of pain when asked for the "medical findings" which support his opinions. (Tr. 248-50).

Both parties argue that the objective and clinical evidence support their respective positions. The problem here is that the ALJ failed to reveal *her* rationale for giving "little weight" to Dr. Todd's opinions based on the alleged lack of "objective medical findings." The lay arguments of the lawyers about the significance of the "objective" and "clinical" findings are not medical findings upon which the Court can rely in determining the supportability of the ALJ's decision to give "little weight" to Dr. Todd's opinions when the ALJ herself failed to explain the basis for that decision.

The Court notes that the ALJ did discuss portions of the reports of Dr. Todd, Dr. Fudala,

and Dr. Taylor in connection with her analysis of plaintiff's credibility.[1] (Tr. 21). However, the ALJ did not reference any particular medical findings when she assessed the weight to assign Dr. Todd's opinion. Thus, the Court cannot discern whether the reports of these physicians factored into the ALJ's decision as to what weight to accord the treating physician's opinions.

The Court is simply unable to discern how the ALJ arrived at her decision to give "little weight" to Dr. Todd's opinions and the medical evidence upon which she relied in making that determination. Without any explanation on the record as to why the ALJ believed the treating physician's opinions are not supported by the objective medical evidence of record, the Court is left to speculate on the rationale behind the ALJ's decision. The ALJ must do more than offer her conclusions. The ALJ must set forth her own interpretation, supported by the evidence in the case record, and explain why it, rather than the treating physician's, is correct. *Wilson*, 378 F.3d at 544.

Moreover, where, as here, the ALJ determines that a treating physician's opinion is not well-supported by medically acceptable clinical and laboratory diagnostic techniques or is inconsistent with the other substantial evidence in the case record, such a finding "means only that the opinion is not entitled to 'controlling weight,' *not that the opinion should be rejected.*" Social Security Ruling 96-2p (emphasis added). Social Security Ruling 96-2 further provides:

> Treating source medical opinions are still entitled to deference and must be

---

[1] As the ALJ noted, Dr. Taylor, an orthopedist, reviewed plaintiff's MRI findings and opined that her spondylolisthesis was not the likely cause of her significant bilateral leg pain. (Tr. 94). Rather, he thought that her pain could be the result of an electrolyte imbalance from some endocrine abnormality. *Id.*

Dr. Fudala, a neurosurgeon, found mild muscle weakness and diminished lumbar range of motion. Because of the uncertainty of the exact etiology of plaintiff's symptoms, Dr. Fudala stated that plaintiff should be treated "as though she is having bilateral S1 root irritations secondary to facet arthropathy and lumbar disc degeneration changes." (Tr. 196-97). The ALJ noted that Dr. Fudala opined that plaintiff's symptoms were primarily related to activity. (Tr. 21).

14

> weighed using *all of the factors* provided in 20 C.F.R. 404.1527 and 416.927. *In many cases, a treating source's medical opinion will be entitled to the greatest weight and should be adopted, even if it does not meet the test for controlling weight.*

SSR 96-2p (emphasis added). As explained by the Sixth Circuit in *Wilson,* "If the opinion of a treating source is not accorded controlling weight, an ALJ must apply certain factors--namely, the length of the treatment relationship and the frequency of examination, the nature and extent of the treatment relationship, supportability of the opinion, consistency of the opinion with the record as a whole, and the specialization of the treating source--in determining what weight to give the opinion." *Wilson*, 378 F.3d at 544 (discussing 20 C.F. R. § 404.1527(d)(2)).

Here, the ALJ's decision fails to reflect she considered the regulatory factors in assessing the weight to accord Dr. Todd's opinions, namely the treatment relationship and the frequency of examination, the nature and extent of the treatment relationship, the supportability of his opinions, the consistency of the opinions with the record as a whole, and the specialization of the treating source. Only where a treating doctor's opinion "is so patently deficient that the Commissioner could not possibly credit it" will the ALJ's failure to observe the requirements for assessing weight to a treating physician not warrant a reversal. *Wilson*, 378 F.3d at 544. The Court cannot say that Dr. Todd's opinions are "so patently deficient that the Commissioner could not possibly credit [them]" so as to excuse the ALJ's failure in this case. Because the ALJ failed to consider the factors listed in 20 C.F.R. § 404.1527(d)(2) in determining the weight to give the opinions of Dr. Todd, the ALJ's rejection of the treating physician's assessment of plaintiff's functional capacity is not supported by substantial evidence. The ALJ's decision in this respect constitutes legal error warranting a reversal and remand of this case for reconsideration of plaintiff's RFC, including proper analysis of the weight to be given Dr. Todd's functional

capacity assessments consistent with the treating source regulation, 20 C.F.R. § 416.927(d). *See Wilson*, 378 F.3d at 546.

### III. This matter should be reversed and remanded for further proceedings.

This matter should be remanded pursuant to sentence four of § 405(g) for further proceedings consistent with this Report and Recommendation. All essential factual issues have not been resolved in this matter, nor does the current record adequately establish plaintiff's entitlement to benefits as of her alleged onset date. *Faucher,* 17 F.3d at 176. On remand, the Commissioner and the ALJ should be directed to (1) re-evaluate the treating physician's opinions under the legal criteria set forth in the Regulations, Rulings, and as required by case law; and (2) to determine anew whether plaintiff is under a disability within the meaning of the Social Security Act.

### IT IS THEREFORE RECOMMENDED THAT:

This case be REVERSED and REMANDED for further proceedings pursuant to Sentence Four of 42 U.S.C. § 405(g).

Date: 5/19/2011

Karen L. Litkovitz
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

ADA PERKINS,
    Plaintiff

vs

COMMISSIONER OF
SOCIAL SECURITY,
    Defendant

Case No. 1:10-cv-233
Beckwith, J.
Litkovitz, M.J.

**NOTICE TO THE PARTIES REGARDING THE FILING OF OBJECTIONS TO R&R**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to these proposed findings and recommendations within **FOURTEEN DAYS** after being served with this Report and Recommendation ("R&R"). That period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within **FOURTEEN DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F. 2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).